**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADRIAN WALTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1307-CR-365 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Peter Nugent, Judge Pro Tempore
Cause No. 49G06-1204-MR-21559

**May 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Adrian Walton appeals his conviction of Murder.[1]  He argues the trial court violated his Sixth Amendment right to confront the witnesses against him when it limited Walton's cross-examination of a witness.  We affirm.

**FACTS AND PROCUEDURAL HISTORY[2]**

On the evening of March 29, 2013, Walton and his girlfriend, Robyn Knight,[3] visited the home of Brittany Cobb, his child's mother.  Also at Cobb's house was Brian McMiller, and Namaan Crawford, who had an occasional relationship with Cobb.  Walton and Knight visited Walton's daughter and then stayed at the house to drink alcohol and play cards.

At approximately 1:00 a.m., Walton decided to leave and he put on his coat.  As he did so, he pulled out a handgun and pointed it at Crawford.  He asked Crawford, "You fucking my baby's momma?"  (A/V Rec. 6/24/13 at 2:34:00.)  Crawford remained seated and Cobb, McMiller, and Knight attempted to defuse the situation.  When unsuccessful, Cobb, McMiller, and Knight moved to the porch.  They heard Walton yell again at Crawford and tell Crawford to stand, and then they heard multiple gunshots.

Walton and Knight fled the scene.  Cobb called the police, but she informed dispatch she did not know the identity of the shooter.  When the police arrived, Cobb falsely identified

---

[1] Ind. Code § 35-42-1-1.

[2] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on Appeal" issued on September 18, 2012, and effective on July 1, 2012.  *See* Ind. Supreme Court Case No. 94S00-1209-MS-522.  Therefore, the citations to the transcript will be to the "A/V Rec."  We acknowledge the ongoing cooperation of the Honorable Mark D. Stoner of Marion Superior Court, the Marion County Public Defender Agency, and the Office of the Indiana Attorney General in the execution of this pilot project.

[3] Appellant's brief refers to Knight as "Robyn McKnight" and Appellee's brief refers to Knight as "Robin Knight."  The correct spelling of Knight's name is "Robyn Knight" as indicated at the beginning of her testimony.  (A/V Rec. 6/24/13 at 3:57:39.)

the shooter as a white man named James, but finally told police Walton shot Crawford. McMiller also declined to identify Walton as the shooter, but eventually gave police Walton's cell phone number. Crawford died from his injuries.

Walton and Knight returned to their apartment. Walton shaved his dreadlocks, which he had been growing for some time. As they drove toward Fort Wayne the following morning, Walton and Knight stopped so that Walton could throw his gun into a lake. The Indiana State Police later stopped Walton and Knight, arrested them, and returned them to Indianapolis. Police found bullets and a box for Walton's gun in the car. Knight told police Walton killed Crawford.

On April 2, the State charged Walton with Murder. During his jury trial, Walton wanted to cross-examine Knight in regard to a threatening phone call she allegedly received. After a short hearing on the matter outside of the presence of the jury, during which Walton made an Offer of Proof, the trial court denied his request. The jury found Walton guilty of Murder, and the court imposed a sixty-year sentence.

## DISCUSSION AND DECISION

The right to cross-examine witnesses is guaranteed by the Sixth Amendment to the United States Constitution. The scope and extent of cross-examination is within the discretion of the trial court. *Manuel v. State*, 971 N.E.2d 1262, 1266 (Ind. Ct. App. 2012). "Trial judges retain wide latitude to impose reasonable limits on the right to cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally

relevant." *Washington v. State*, 840 N.E.2d 873, 886 (Ind. Ct. App. 2006), *trans. denied*. We will reverse the trial court's decision only for an abuse of its discretion, which we find when the court's restriction "substantially affects the defendant's rights." *Id.*

During Walton's cross-examination of Knight, he asked her, "Now about [Walton] cutting his hair. Were you not receiving death threats from the family of Namaan Crawford?" (A/V Rec. 3/24/13 at 4:46:19.) Knight started to answer, and the State objected. The jury was removed from the courtroom, and the parties and the judge discussed the State's objection. After questioning Knight and determining she could not identify the source of the telephoned threats, the trial court indicated Knight could testify about the call only if Walton could lay an adequate foundation for the call, but the contents of the call were hearsay. Instead of presenting the testimony to the jury, Walton presented to the trial court an Offer of Proof, arguing the trial court's restriction on his cross examination of Knight violated his right to present a defense and was a "constitutional issue." (A/V Rec. 3/24/13 at 4:56:51.)

We need not determine whether the trial court abused its discretion when it limited Walton's cross-examination of Knight because any error was harmless. We have stated:

> Violations of the Confrontation Clause do not require reversal if the State can show beyond a reasonable doubt that the error was harmless and did not affect the verdict. In other words, "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." When considering whether a constitutional error was harmless, we may consider, among other things:
>> the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted and, of course, the overall

4

> strength of the prosecution's case.
> If the State presented other overwhelming evidence of the defendant's guilt, then an erroneously admitted statement may be deemed harmless.

*Lane v. State*, 997 N.E.2d 83, 93 (Ind. Ct. App. 2013), *trans. denied*.

Knight and Cobb both testified Walton shot Crawford. McMiller gave police Walton's phone number. Testimony indicated Walton angrily confronted Crawford about having sexual relations with Cobb. After the shooting, Walton fled the scene and then left for Fort Wayne. Knight testified Walton threw the gun he used to kill Crawford in a lake on the way to Fort Wayne. Finally, when the Indiana State Police searched the car Walton and Knight were driving, they discovered Walton's gun box and bullets that matched the bullets used to kill Crawford. Therefore, any error in limiting Walton's cross-examination of Knight about threatening phone calls was harmless, as there was overwhelming evidence that Walton killed Crawford.

Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.

5